**BRYAN CAVE LLP**
Barbara A. Krieg, California Bar No. 178335
120 Broadway, Suite 300
Santa Monica, California 90401-2386
Telephone: (310) 576-2100
Facsimile: (310) 576-2200

**WESTERN LAW CENTER FOR
DISABILITY RIGHTS**
Paula D. Pearlman, California Bar No. 109038
Shawna L. Parks, California Bar No. 208301
919 South Albany Street
Los Angeles, California 90015
Telephone: (213) 736-1031
Facsimile: (213) 736-1428

Attorneys for Plaintiff
KEITH H.

FILED
CLERK, U.S. DISTRICT COURT

MAY 18 2005

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

### UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

Priority X
Send X
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

| | |
|---|---|
| KEITH H., an individual,<br><br>　　　Plaintiff,<br><br>　　vs.<br><br>LONG BEACH UNIFIED SCHOOL DISTRICT, a public entity; LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, a public entity; LONG BEACH YOUTH HOME, A DIVISION OF CHILDNET YOUTH AND FAMILY SERVICES, INC.; ZINSMEYER ACADEMY, A DIVISION OF CHILDNET YOUTH AND FAMILY SERVICES, INC.; and DOES 1 through 10, inclusive,<br><br>　　　Defendants. | Case No. CV04-9273 SJO (RCx)<br><br>[PROPOSED] PROTECTIVE ORDER<br><br>Disc. Cut-Off:　August 8, 2005<br>Pre-Trial Conf.:　October 31, 2005<br>Trial Date:　November 8, 2005<br><br>Date:　May 18, 2005<br>Time:　9:30 a.m.<br>Room:　23<br><br>Judicial Officer:<br>Hon. Rosalyn M. Chapman |

NOTE CHANGES MADE BY THE COURT.

DOCKETED ON CM

MAY 19 2005

BY                    060

88

[PROPOSED] PROTECTIVE ORDER

1    Plaintiff Keith H.'s Motion for a Protective Order (the "Motion") came on for

2  hearing on May 18, 2005, at 9:30 a.m. in this Court before the Honorable Rosalyn

3  M. Chapman.  The parties appeared through their counsel of record.

4    Upon reviewing the Motion, including the briefs and declarations filed by the

5  parties and all the files and records in this action, and having considered the

6  arguments of counsel, the Court finds that there is good cause to grant Plaintiff's

7  Motion and hereby enters the following protective order in this action pursuant to

8  Rule 26(c) of the Federal Rules of Civil Procedure.

9    This Protective Order ("Order") shall govern all documents and discovery

10  materials produced within the context of this litigation.

11    1.    "Document" as used herein shall have the broadest possible meaning

12  and shall include, without limitation:

13        a.    a "writing," "recording," "photograph," "original," and

14              "duplicate" as defined in Rule 1001 of the Federal Rules of

15              Evidence;

16        b.    any and all tangible things upon which any handwriting, typing,

17              printing, drawing, representation, photostatic copy, magnetic or

18              electrical impulse, or other form of communication is recorded or

19              produced;

20        c.    floppy disks, hard disks, magnetic tape and computer memory;

21        d.    written discovery responses and the contents thereof, including,

22              without limitation, responses to interrogatories, requests for

23              admission, and document requests;

24        e.    deposition transcripts and their contents; and

25        f.    any physical means or medium of recording or storing

26              information.

27    2.    As used herein, "Confidential Information" shall mean information

28  which constitutes, ~~reflects~~ or discloses confidential or private information ~~of the~~ *of a party*

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1 ~~designating person which that person wishes to maintain in confidence or is~~ or

2 ~~otherwise required to remain in confidence~~ or under applicable law and/or Court Order,

financial information,

3 including, but not limited to, documents contained in the files and under the control

4 of any juvenile court in this State and/or documents containing educational or

5 personal information regarding any minor. ~~"Designating person" means the party,~~

6 ~~or third person or entity who designates documents, testimony or information as~~

7 ~~Confidential Information under this Order.~~

8       3.     All documents, testimony or other information and materials disclosed

9 in connection with this litigation which have been designated by any party as

10 Confidential Information shall be used only for the purpose of this litigation,

11 including discovery, trial preparation, and trial.

12       4.     Except as otherwise provided by order of the Court, no document

13 containing Confidential Information, including information contained therein, shall

14 be furnished, shown, or disclosed to any person except: (1) counsel for the parties

15 to this action and paralegals and other professional personnel employed by said

16 counsel assisting those attorneys in the preparation and trial of this action;

17 (2) retained experts and consultants who are assisting said counsel in preparation

18 and/or trial; and (3) representatives of the parties, including their insurers, having

19 responsibility for the prosecution and/or defense of the case. However, such

20 Confidential Information may be disclosed to a witness at deposition or trial for the

21 purpose of examining the witness if necessary, provided that any such witness shall

22 be required to sign the form specified in paragraph 5 of this Order prior to disclosure

23 of the Confidential Information.

24       5.     Each person to whom Confidential Information is disclosed by counsel

25 shall be provided with a copy of this Order. Before being given access to these

26 materials, each such person shall acknowledge in writing his or her agreement to be

27 bound by the terms of this Order by executing the form specified in Attachment A

28 hereto.

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

[PROPOSED] PROTECTIVE ORDER

6.      Any attorney who discloses Confidential Information shall maintain in his or her office an executed acknowledgment in the form of Attachment A from each person to whom such Confidential Information has been disclosed.

7.      In connection with the production of documents in this action, any ~~designating person~~ *party* may stamp, mark or otherwise designate any document comprising, containing or referring to Confidential Information produced or to be produced by it in connection with this litigation as "Confidential -- Subject to Protective Order."

8.      In connection with the taking of any deposition in this action:

(a)     The party who noticed or requested the deposition shall, prior to the commencement of testimony at such deposition, serve a copy of this Order upon the officer reporting the deposition. Such officer shall acknowledge service of a copy of this Order, and shall agree that he/she, his/her employees, and his/her agents shall be bound by the terms of this Order, and shall make no use or disclosure of Confidential Information unless expressly permitted by the terms of this Order, or by the express consent of all parties and any designating person who are or may become subject to the provisions of this Order. Such officer shall provide copies of the deposition transcript or deposition exhibits only to attorneys for the parties and, if the deposition is of a third person or entity, to that deponent or his/her attorney. ~~Depositions at which Confidential Information is to be disclosed shall be attended only by persons authorized hereunder to have access to such information.~~

(b)     Counsel for any party hereto may, either during any such deposition or within thirty days of receipt of the transcript, designate the deposition transcript along with the deposition exhibits, or any portion thereof, as Confidential Information. ~~If the deposition is of a third person or entity not joined herein, that third person or entity may use the same designation process set forth in this Paragraph.~~

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1    (c)    With respect to deposition testimony, the witness or his counsel

2  shall invoke the provisions of this Order by stating on the record during the

3  deposition that testimony given at the deposition is designated "Confidential." No

4  person shall attend those portions of the depositions designated "Confidential"

5  unless such person is an authorized recipient of classified information under the

6  terms of this Order.

7    9.    When a party to this Order designates testimony (including proposed

8  testimony) of a person being deposed as Confidential Information, and objection is

9  made to such designation, such testimony shall not be withheld because such

10  objection has been made to the Confidential Information designation.  Such

11  testimony shall be treated as Confidential Information until a stipulation or order on

12  motion that it should not be so treated.

13    10.    Any part or parts of this Order may be amended at any time by court

14  order, ~~pursuant to written stipulation of the parties hereto or by order of this Court~~

15  ~~for good cause shown~~.

16    11.    If a party to this Order objects to the designation of any Confidential

17  Information, that party shall so notify the designating party in writing, identifying

18  the Confidential Information as to which objection is made.  The designating party

19  shall respond within ten business days from receipt of such notice.  If the parties

20  cannot agree with respect to the treatment to be accorded the material that has been

21  designated as Confidential Information, *The parties shall meet and confer under L.R. 37-1,* ~~any party may~~ seek a ruling from the Court

22  with respect to the designation(s) to which it has objected.  The party seeking to

23  maintain the Confidential Information shall bear the burden of establishing such

24  status is warranted.  Pending the Court's ruling, the provisions of this Order shall

25  remain in force and the designated Confidential Information shall be accorded the

26  full protections of this Order.

27    12.    All documents or information actually comprising or containing

28  Confidential Information that are filed in any court shall be sealed in ~~a clearly~~
*Compliance with Local Rule 79-5.*    *and shall, by joint stipulation under*
*L.R. 37-2.*

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1  marked envelope and opened only upon further direction of this Court. No

2  documents filed under seal shall be made available to third parties or the public

3  except by further order of this Court or in accordance with the terms, including the

4  permitted uses specified at Paragraphs 3, of this Order.

5  ~~13. The execution of this Order shall not, in itself, operate as an admission~~

6  ~~against or otherwise prejudice any contention of any party on any motion provided~~

7  ~~for herein, or in any other proceeding or trial in this action, nor shall this Order be~~

8  ~~taken to constitute a waiver of any party's right to seek relief from the Court from~~

9  ~~any or all provisions of this Order.~~

10  14. The terms of this Order shall remain in full force and effect and shall

11  not cease to be in effect because of final adjudication of this litigation. Upon

12  resolution of this action in the trial court, all Confidential Information shall be held

13  by counsel pending final resolution of this litigation by appeal or otherwise. Within

14  90 days after such final resolution, all documents containing Confidential

15  Information, including all copies, summaries, and compilations, shall be destroyed

16  or, at the request of producing counsel, be returned. Each party responsible for

17  such return or destruction shall certify to all other counsel of record that such

18  destruction or return in fact took place.

19  15. Notwithstanding Paragraph 14 above, counsel are not required to

20  destroy legal memoranda or opinion letters and other attorney-client privilege or

21  work product document that may contain references to or information extracted

22  from said documents, and all such memos and correspondence may be retained in

23  the attorney's files. However, the confidentiality of documents and information is

24  otherwise to be protected in accordance with the terms of this Order.

25  16. Nothing contained in this Order shall preclude any party from applying

26  to the Court for further relief or for modification of any provision hereof.

27  ~~17.~~ Nothing contained in this Order is intended to or shall be deemed or

28  limit ~~either~~ any party from any further use of Confidential Information (or information

SM01DOCS\541948.1

6

[PROPOSED] PROTECTIVE ORDER

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1  derived therefrom) which that party or its agent has itself produced, generated or
2  obtained other than from a designating party in this action.
3      18.    Except as specifically provided herein, the terms, conditions and
4  limitations of this Order shall survive the termination of this action.

5

6      IT IS SO ORDERED.

7

8  Dated:  _5/18/2005_                    _____

9                                          Magistrate Judge
                                           Rosalyn M. Chapman

10

11

12

13

14

15  Presented by:
    **BRYAN CAVE LLP**
16  **and**
    **WESTERN LAW CENTER FOR DISABILITY RIGHTS**
17

18  By: _Barbara A. Krieg_
19          Barbara A. Krieg
20  Attorneys for Plaintiff Keith H.

21

22

23

24

25

26

27

28

[PROPOSED] PROTECTIVE ORDER